## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JACOB DIAZ,

      Plaintiff,

v.                                       CIV 12-1117 KG/KBM

ROBERT METZGAR and JOSHUA
RICHARDS, in their individual capacities
as Albuquerque Police Officers,

      Defendants.

### ORDER QUASHING SUBPOENA

THIS MATTER comes before the Court on Philip Davis' Notice of Non-Appearance and Motion to Quash Subpoena (*Doc. 36*), filed November 7, 2013. Having reviewed the motion and the relevant authorities, the Court finds that the Motion to Quash Subpoena is well-taken and will be granted.

On November 6, 2013, Plaintiff filed his Motion to Extend Discovery Deadline Pro Nun Tunc [sic].  *Doc. 35.*    Therein, Plaintiff's counsel indicated that "[d]ue to a death in the family and a family medical emergency in the two weeks prior to October 19, 2013," Plaintiff's discovery requests were propounded out of time, leaving insufficient time for Defendants to respond before the close of discovery.  *Id.* at 1.  That same day, attempting a different avenue for obtaining discovery, Plaintiff served Philip Davis, a New Mexico attorney who does not represent any of the parties in this matter, with a subpoena requesting that he produce certain documents.  *See Doc. 36*, Ex. 1. Specifically, Plaintiff sought

production of the Internal Affairs files/investigations and deposition transcripts for

Defendant Joshua Richards and Defendant Robert Metzgar, which were

produced to Mr. Davis' client in a separate federal lawsuit, *Thomas Knight v.*

*Metzgar*, 12cv0460 WJ/ACT (D.N.M.) ("the *Knight* case"). *Doc. 41, Ex. G.*  The

next day, Mr. Davis filed his Notice of Non-Appearance and Motion to Quash

Subpoena in this case, indicating that the documents requested by Plaintiff were

subject to a Stipulated Confidentiality Order that had been entered into by the

parties in the *Knight* case. *Doc. 36* at 2.  Mr. Davis explained that compliance

with the subpoena served on him by Plaintiff in this case, who was not a party to

the *Knight* case, would cause him to violate the Court's Stipulated Confidentiality

Order. *Id.*

Plaintiff concurrently filed a Motion to Modify Protective Order in the *Knight*

case in which he asked the Court to modify the Stipulated Confidentiality Order

such that it would "allow Attorney Phil Davis to release the protected discovery to

Movant." *See Knight*, 12cv0460 WJ/ACT (Doc. 67), at 3.  On December 23,

2013, Judge Johnson entered an Order Denying Plaintiff's Motion to Modify

Protective Order.  *Knight*, 12cv0460 (Doc. 69).  Judge Johnson noted therein that

the Court no longer has jurisdiction over the *Knight* case or the parties therein, as

the case was closed on October 31, 2013.  *Id.* at 1.  Additionally, he reasoned

that "[a]ny modification to the protective order [in the *Knight* case] would subvert

the discovery order in place in the *Diaz* matter, undermines the jurisdiction of the

Court in the *Diaz* matter, and renders completely meaningless the effect of the

protective order in place in [the *Knight*] case."  *Id.* at 1-2.

2

Federal Rule of Civil Procedure 45(c)(A) provides that "[o]n a timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R. Civ. P. 45(c)(A).  Here, the relevant Stipulated Confidentiality Order in the *Knight* case remains unmodified, and, as a result, the subpoena issued to Mr. Davis seeks information protected under Federal Rule of Civil Procedure 26(c).  Plaintiff has failed to show any applicable exception or waiver under Federal Rule 45.  Instead, it appears that Plaintiff's counsel issued the subpoena to Mr. Davis in a belated attempt to mitigate the effects of her dilatory discovery efforts in this case.  Under these circumstances, the Court finds it appropriate to quash the subpoena issued to Mr. Davis.

For all of these reasons, Philip Davis' Notice of Non-Appearance and Motion to Quash Subpoena (Doc. 36) is well-taken and will be granted.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE