IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB DIAZ,

    Plaintiff,

vs.                                                       No. CIV-12-1117 KG/KBM

ROBERT METZGAR and JOSHUA RICHARDS,
*in their individual capacities*,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Defendants Metzgar's and Richard's [sic] Motion for Attorney's [sic] Fees (Motion for Attorneys' Fees), filed September 16, 2014. (Doc. 108). On October 27, 2014, Plaintiff filed a response to the Motion for Attorneys' Fees and on October 31, 2014, Defendants filed a reply. (Docs. 142 and 143). Having considered the parties' submissions, oral arguments, the evidence of the record, the applicable law, and otherwise being fully advised, the Court grants Defendants' Motion for Attorneys' Fees.

I.     *Background*

       On May 29, 2013, the Court entered a Scheduling Order setting a deadline for discovery of November 12, 2013. (Doc. 15). On September 10, 2013, Defendant Richards sent his First Set of Discovery to Plaintiff, which included Interrogatories, Requests for Production, and Requests for Admissions (RFAs). (Doc. 27). Plaintiff's deadline to respond to Defendant Richards' First Set of Discovery was October 10, 2013. *See* Fed. R. Civ. P. 36(a)(3) (party must respond within 30 days of service). Plaintiff failed to meet the October 10, 2013, deadline and did not move for an extension. On October 15, 2013, Defendant Richards' counsel contacted Plaintiff's counsel, Rozan Cruz (Ms. Cruz), via email about the delinquent status of Plaintiff's

discovery responses. (Doc. 75) at 2; (Doc. 75-2) at 1. On October 16, 2013, Ms. Cruz responded stating that she had Plaintiff's responses. *Id.* While Ms. Cruz did not indicate a date by which she would submit Plaintiff's responses, the context of the correspondence indicates that Plaintiff would deliver the responses to Defendant Richards' counsel in a timely manner. (Doc. 75-2) at 1. As of October 28, 2013, however, Plaintiff had not delivered his discovery responses. (Doc. 75) at 2. That same day, Defendant Richards' counsel informed Ms. Cruz, via email, that Plaintiff's discovery responses were three weeks late, and pursuant to Rule 36(a)(3), Defendant Richards' RFAs were deemed admitted. (Doc. 75) at 2; (Doc. 75-3) at 1. On October 29, 2013, Defendant Richards filed a Notice that Defendant Richards' RFAs were deemed admitted pursuant to Rule 36(a)(3). (Doc. 30).

Similarly, on October 9, 2013, Defendant Metzgar served Plaintiff his Interrogatories, Requests for Production, and RFAs. (Doc. 28). Pursuant to Rule 36(a)(3), Plaintiff's responses were due on November 8, 2013. Plaintiff, however, failed to meet the November 8, 2013, deadline. On November 15, 2013, Defendant Metzgar's counsel emailed Ms. Cruz stating that Plaintiff's responses were late and inquiring as to whether Plaintiff could provide the discovery responses early the following week. (Doc. 75-5) at 1. Ms. Cruz did not respond to the November 15, 2013, email. (Doc. 75) at 3. On November 19, 2013, Defendant Metzgar's counsel sent Ms. Cruz a second email inquiring into the status of Plaintiff's discovery responses. (Doc. 75-6) at 1. Defendant Metzgar's counsel also informed Ms. Cruz that the RFAs were deemed admitted. *Id.* On November 19, 2013, Defendant Metzgar filed a Notice that his RFAs were deemed admitted. (Doc. 39). Shortly thereafter, it is undisputed that Plaintiff submitted his answers to Defendants' RFAs. (Doc. 142) at 1 ¶ 1.

On August 18, 2014, Defendants filed a Motion to Deem Plaintiff's RFAs Admitted as a Matter of Law (Motion to Deem RFAs Admitted).  (Doc. 75).  On August 28, 2014, Plaintiff responded and filed a Motion for Leave to File Motion to Withdraw Admissions (First Motion for Leave to Withdraw Admissions).  (Docs. 76 and 77).  On September 11, 2014, this Court held a hearing on Defendants' Motion to Deem RFAs Admitted and Plaintiff's First Motion for Leave to Withdraw Admissions.  (Doc. 97).  Following oral argument by the parties, the Court denied Defendants' Motion, but granted Defendants' request for reasonable attorneys' fees.  (Doc. 97); (Doc. 98) at 2.  Pursuant to the Court Order, Defendants had until the end of business on September 16, 2014, to file an affidavit documenting reasonable attorneys' fees in relation to the filing of their motion, and citing applicable authority to award attorneys' fees to a moving party when that party's motion is denied.  (Doc. 98) at 2.  Plaintiff had until September 19, 2014, to respond.  *Id.*  On September 16, 2014, Defendants' filed the Motion for Attorneys' Fees that is now before this Court.  (Doc. 108).  Plaintiff, despite being granted the opportunity to respond, failed to file an objection by the September 19, 2014, deadline.

On October 17, 2014, Plaintiff filed a Third Motion for Leave to File Response [sic] the Defendant' [sic] Motion for Attorney [sic] Fees [Doc. 108] (Third Motion for Leave:  Response to Attorneys' Fees).[1]  (Doc. 137).  That same day, this Court held a telephonic status conference to discuss pretrial matters, including Plaintiff's Third Motion for Leave:  Response to Attorneys' Fees.  (Doc. 139).  After hearing oral arguments on the matter, this Court granted Plaintiff's Third Motion for Leave:  Response to Attorneys' Fees and allowed Plaintiff to file a response no later than midnight on October 27, 2014.  (Doc. 139) at 2; (Doc. 140) at 2.  This Court also granted Defendants an opportunity to file a reply by November 3, 2014.  (Doc. 140) at 2.

---

[1] On October 17, 2014, Plaintiff also filed a Second Motion for Leave to File Response to Defendant Richards' Motion in *Limine* II:  Motion Requesting to Exclude the 4/10/14 Department of Justice Letter [Doc. 80] (Second Motion for Leave:  Response to Motion in *Limine* II).  *See* (Doc. 136).

3

On October 27, 2014, Plaintiff filed his response to Defendants' Motion for Attorneys' Fees. (Doc. 142). On October 31, 2014, Defendants filed a reply. (Doc. 143).

On November 21, 2014, this Court filed an Order allowing both parties to file supplemental briefing on the Court's inherent authority to issue sanctions for attorneys' fees by close of business on December 1, 2014. (Doc. 147) at 3. Neither party filed supplemental briefing by the December 1, 2014, deadline.

II.   *Discussion*

In their Motion for Attorneys' Fees, Defendants contend that the Court has the authority to grant attorneys' fees in this matter pursuant to Rule 36(a)(6) and Rule 37(a)(5).[2] Rule 36 sets forth the standards for RFAs, including answering and objecting to RFAs. Rule 36(a)(6) provides a means for judicial determination of the sufficiency of an answer or objection on motion of the requesting party. If the court finds an answer to be insufficient, the matter is either deemed admitted or the court may order that an amended answer be served. Fed. R. Civ. P. 36(a)(6). Defendants claim that Rule 36(a)(6) is applicable because they moved for Defendants' RFAs to be admitted as a matter of law under Rule 36(a)(6).

Rule 37(a)(5) applies to an award of expenses on a motion regarding the sufficiency of answers to RFAs. *See* Fed. R. Civ. P. 36(a)(6). Under Rule 37(a)(5)(A), if the requested discovery is provided after the motion is filed, the court must, after allowing the opposing party an opportunity to be heard, require the party or the party's attorney, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless; "[1] the movant filed the motion before attempting in good faith to obtain the . . . discovery without court

---

[2] In the Motion for Attorneys' Fees, Defendants do not specify which subsection of Rule 37(a)(5) grants the Court the power to award attorneys' fees. The Court believes Defendants intended to state that attorneys' fees are justified under Rule 37(a)(5)(A) because Defendants repeatedly reference language from Rule 37(a)(5)(A) in the Motion for Attorneys' Fees. The question, therefore, before the Court is whether attorneys' fees are warranted under Rule 37(a)(5)(A).

action; [2] the opposing party's nondisclosure, response, or objection was substantially justified; or [3] other circumstances make an award of expenses unjust." Defendants argue that pursuant to Rule 37(a)(5), the Court must require Plaintiff to pay Defendants' attorneys' fees because Defendants filed their Notices to Deem Requests Admitted (Notices) before Plaintiff provided the requested discovery. Furthermore, Defendants claim that attorneys' fees are warranted because Plaintiff's failure to respond to Defendants' RFAs also necessitated the Motion to Deem RFAs Admitted, associated briefing, and their counsels' attendance at a hearing on the matter.

Defendants acknowledge, however, that the Rules do not explicitly address the circumstance at hand—when the moving party's motion is denied, but the moving party is entitled to attorneys' fees due to the non-moving party's failure to timely answer RFAs. Nonetheless, Defendants state that the Court may order Plaintiff to pay attorneys' fees because Rules 36(a)(6) and 37(a)(5) were intended to remedy situations where "Plaintiff's conduct necessitated Defendants to bring the matter before the Court for resolution." (Doc. 108) at 3.

In their Affidavits in Support of Attorneys' Fees, Defendants' attorneys provide meticulous detail of their billing records and indicate that each attorney has foregone seeking reimbursement for time legitimately spent on the motion practice to deem Defendants' RFAs admitted. Defendant Richards' counsel, Trisha Walker (Ms. Walker), indicates that she did not include time for drafting Defendant Richards' RFAs or communications with co-counsel regarding the issue. Defendant Metzgar's counsel, Jerry Walz (Mr. Walz), also stated that he did not include billing for time spent drafting Defendant Metzgar's RFAs, communication with Ms. Walker, or his attendance at the September 11, 2014, hearing. In sum, Ms. Walker, an attorney with seven years of experience, billed ten hours at her governmental rate of $125.00 per hour, for

a request of $1,250.00 in compensation. Mr. Walz, an attorney with 34 years of experience, billed four hours at his governmental rate of $150.00, for a request of $642.00.

In reply, Plaintiff fails to address specifically Defendants' argument that they are entitled to attorneys' fees pursuant to Rule 36(a)(6) and Rule 37(a)(5).[3] Rather, Plaintiff challenges the award for attorneys' fees and the amount of the requested attorneys' fees on a number of grounds. First, Plaintiff takes issue with Defendants' statement that they made numerous attempts to obtain Plaintiff's answers to Defendants' RFAs. Plaintiff contends that Defendants' counsel only sent three e-mail communications regarding the RFAs, which does not constitute as "numerous." Plaintiff further asserts that he "almost simultaneously" submitted his responses after Defendants' filed their two Notices. (Doc. 142) at 1 ¶ 1. Plaintiff, however, does not articulate how an "almost simultaneous" delivery is relevant to the matter before the Court.

Second, Plaintiff states that Rule 36 generally and Rule 37(c)(2) do not mandate that the Court order an award of attorneys' fees. Rule 37(c)(2) provides that a party is entitled to attorneys' fees if the nonmoving "party fails to admit what is requested under Rule 36." Here, Plaintiff contends that Rule 37(c)(2) is inapplicable because he did not fail to admit, but rather, his admissions were merely "tardy." (Doc. 142) at 2 ¶ 3. Plaintiff did not elaborate as to how Rule 36 prohibits the award of attorneys' fees in this matter.

---

[3] The Court notes that in his reply, Plaintiff admits to Defendants' paragraph nine (9) in the Motion for Attorneys' Fees. (Doc. 142) at 2 ¶ 2. Paragraph nine of Defendants' Motion for Attorneys' Fees, states, in its entirety,

> In this case, Plaintiff provided his Answers to Requests for Admissions only after Defendants filed their Notices to Deem them admitted. In addition, Plaintiff did not file his Motion for Leave to File Motion to Withdraw Admissions until after Defendants filed their Motion to Deem Plaintiff's Request for Admissions Admitted as a Matter of Law. Therefore, Rule 37(a)(5) necessitates the payment by Plaintiff of Defendants' attorney's [sic] fees and expenses because his conduct in not answering the requests for admission necessitated Defendants' Notices, Motion, the associated briefing, and hearing on the matter.

(Doc. 108) at 2-3.

Third, Plaintiff asserts that because the Court denied Defendants' Motion to Deem RFAs Admitted, Plaintiff may be entitled to attorney's fees under "Rule 37(5)(B)."[4]  Plaintiff states, however, that he has not and is not making a request for attorney's fees.

Fourth, Plaintiff admits that the "intent of Rules 36(a)(6) and 37(a)(5) is to compensate a party seeking discovery for having to move for an order because of an evasive, incomplete disclosure, or nondisclosure, if the outcome is that the opposing party either voluntarily makes or is compelled to make the requested disclosure or provide the requested discovery."  (Doc. 108) at 3 ¶ 10; (Doc. 142) at 2 ¶ 6.  Plaintiff argues, nevertheless, "that his answers were not evasive, incomplete, or of non-disclosure" because his answers were merely tardy due to the fact that he resides in Colorado, and he failed to timely return his answers to his counsel in New Mexico. (Doc. 142) at 2 ¶ 6.

Lastly, Plaintiff contends that the number of hours reflected in Defendants' attorneys' affidavits are excessive and unreasonable given the tasks performed.  Plaintiff first takes issue with Ms. Walker's claim that she expended eight hours researching, analyzing relevant case law, drafting, and finalizing Defendants' Motion to Deem RFAs Admitted.  Plaintiff does not state an amount of time that he would deem reasonable.  Next, Plaintiff argues that Ms. Walker's bill for two hours for hearing preparation is excessive and unreasonable because oral arguments at the September 11, 2014, hearing lasted approximately fifteen minutes.  Plaintiff also takes issue with Mr. Walz's claim that he spent two hours researching the question.  Plaintiff believes that any research conducted by Mr. Walz was duplicative of Ms. Walker's research because Defendants filed a joint motion.  Finally, Plaintiff submits that a "good portion" of Defendants' attorneys' hours are derivatives of paralegal work and banked documents.

---

[4]  The Court notes that "Rule 37(5)(B)" does not exist.  The Court believes that Plaintiff intended to assert Rule 37(a)(5)(B).

7

In reply, Defendants reiterate their contention that Rule 37(a)(5) mandates that the Court award attorneys' fees when the "requested discovery is provided after the motion is filed." (Doc. 143) at 2. Defendants state that the requirements in Rule 37(a)(5) are met in this matter because the facts clearly demonstrate that Plaintiff did not take any action until after each Defendant filed their Notice.

In regard to attorneys' fees, Defendants argue that Ms. Walker's expended time of ten hours is reasonable and not excessive. First, Defendants state that eight hours researching, analyzing, drafting, and finalizing the motion is reasonable because Ms. Walker has never experienced motion practice on the issue of a plaintiff untimely responding to RFAs. Second, Defendants argue that two hours for hearing preparation and attendance is reasonable under the circumstances. Defendants explain that the two hours include approximately thirty minutes preparing for argument, thirty minutes traveling to and from the Courthouse, and one hour in court. Defendants note that the Clerk's minutes demonstrate that the hearing commenced at 2:00 p.m., but was delayed until 2:09 p.m. due to Ms. Cruz's tardiness, and the hearing concluded at 2:54 p.m.

Next, Defendants state that Mr. Walz's two hours of research was not duplicative of Ms. Walker's work. Mr. Walz states that while he agreed with Ms. Walker's draft, additional research was necessary because despite his substantial experience he had never encountered the issue associated with the motion.

Lastly, Defendants' counsel state that they are not seeking reimbursement for any work completed by their paralegals and none of the work billed could have been completed by a paralegal. Defendants' counsel further state that neither attorney had access to banked

8

documents because, despite their combined experience in federal court, neither attorney has dealt with the particular issue of motion practice when a plaintiff fails to respond to RFAs.

    A.  *Defendants Are Not Entitled to Attorneys' Fees Pursuant to Rule 37(a)(5)*

In this case, Defendants filed the Motion to Deem RFAs Admitted pursuant to Rule 36(a)(6). Plaintiff does not dispute this fact. Therefore, the only remaining issue before this Court is whether Defendants are entitled to attorneys' fees under Rule 37(a)(5)(A).

Pursuant to Rule 37(a)(5)(A), the Court must award attorneys' fees if Plaintiff submitted the requested discovery after Defendants filed their motion. At first glance, it appears that Defendants are entitled to attorneys' fees due to Plaintiff's failure to provide the requested discovery until after Defendants filed their Notices. Rule 37(a)(5)(A), however, is only applicable in situations where the nonresponsive party provides the requested discovery after a *motion* is filed. Here, while his answers were untimely, Plaintiff did provide his answers to Defendants' RFAs before Defendants filed their Motion to Deem RFAs Admitted. While the Court agrees with Defendants that Plaintiff's failure to timely respond necessitated Defendants' Notices, Motion, associated briefing, and a hearing, there is no evidence before this Court that supports a finding under Rule 37(a)(5)(A) for attorneys' fees. Accordingly, the Court finds that Defendants are not entitled to attorneys' fees pursuant to Rule 37(a)(5)(A) because Plaintiff provided Defendants the requested discovery before Defendants filed a motion on this discovery issue.[5]

    B.  *Plaintiff's Willful Disobedience of this Court's Orders Warrant A Sanction for Attorneys' Fees*

---

[5] The Court has extensively reviewed Rules 37(a)(5)(B)-(C) and has determined that neither rule is applicable to this issue because the Court denied Defendants' Motion to Deem RFAs Admitted in full. *See* Fed. R. Civ. P. 37(a)(5)(B) (applicable if Plaintiff filed a motion for attorneys' fees because the Court denied Defendants' Motion to Deem RFAs Admitted); Fed. R. Civ. P. 37(a)(5)(C) (only applicable if the Court granted in part and denied in part Defendants' Motion to Deem RFAs Admitted, which did not occur in this matter).

Because the Court finds that the Federal Rules of Civil Procedure do not support a sanction for Plaintiff's conduct in this instance, the Court turns to its inherent authority to impose sanctions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 50 (1991). "The inherent powers of federal courts are those which 'are necessary to the exercise of all others.'" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citing *United States v. Hudson*, 7 Cranch 32, 34 (1812)). The most prominent inherent power is the contempt sanction, which the courts have in order to deter abusive litigation, to preserve the integrity of the judicial process, and promote judicial efficiency. *Id.* (citing *Cooke v. United States*, 267 U.S. 517, 539 (1925)); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). Generally, a litigant cannot recover attorneys' fees under the American rule, but the "court may assess attorneys' fees for the willful disobedience of a court order." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975) (internal citation omitted). In addition, the general rule does not apply in circumstances where counsel has acted in bad faith, wantonly, vexatiously, or for oppressive reasons. *Roadway Exp., Inc.*, 447 U.S. at 765-66; *Dehning v. Child Dev. Servs. of Fremont Cnty.*, 261 Fed. Appx. 75, 79 (10th Cir. 2008) (quoting *Chambers*, 501 U.S. at 45-46). Furthermore, courts may impose sanctions for attorneys' fees against counsel who willfully abuse the judicial process. *Roadway Exp., Inc.*, 447 U.S. at 767. Such a sanction, however, should not be made "lightly or without fair notice and opportunity for a hearing on the record." *Id.*

In this matter, pursuant to the Court's inherent authority, the granting of attorneys' fees is appropriate. First, the record clearly indicates that Ms. Cruz has exhibited a pattern of willful disobedience to follow this Court's Orders regarding pretrial deadlines and filings. On May 29, 2013, the Scheduling Order stated that discovery must be completed on or before November 12,

2013. (Doc. 15). On September 10, 2013, Defendant Richards submitted his RFAs to Plaintiff, which allowed Plaintiff sufficient time to respond prior to the discovery deadline. Similarly, Defendant Metzgar served Plaintiff his RFAs on October 9, 2013, which gave Plaintiff thirty-four days to respond prior to the discovery deadline. Despite having ample time to respond to both RFAs, Plaintiff failed to submit his responses to Defendants' RFAs until after the discovery deadline.[6]

Then, on August 15, 2014, during a telephonic pretrial conference, the Court explicitly addressed the pretrial deadlines and procedures as set forth in the Pretrial Order. (Doc. 71). Less than a month later, on September 11, 2014, this Court held a hearing on Defendants' Motion to Deem RFAs Admitted and Plaintiff's First Motion for Leave to Withdraw Admissions, which were both filed as a direct result of Plaintiff's failure to timely submit his responses to Defendants' RFAs. (Doc. 97). At that hearing, Ms. Cruz appeared before the Court nine minutes after the hearing was scheduled to commence. *Id.* During the hearing, the Court addressed Ms. Cruz's failure to timely appear in court, her failure to timely respond to Defendants' RFAs, and the late filing of Plaintiff's First Motion for Leave to Withdraw Admissions, which was filed thirty-one days prior to trial.[7] *Id.* The Court also strongly encouraged Ms. Cruz to adhere to deadlines to avoid future untimely filings and responses. *Id.*

Six days later, on September 17, 2014, the Court held another telephonic status conference because the Court noticed that Ms. Cruz failed to comply with the Pretrial Order. (Doc. 114); (Doc. 111). For instance, parties' exhibit lists were due by September 9, 2014, and

---

[6] Neither party has provided the Court with the date Plaintiff submitted his answers to Defendants' RFAs. The record, however, indicates that Plaintiff submitted his answers at least seven days after the discovery deadline. *See* (Doc. 39); (Doc. 142) at 1 ¶ 1.

[7] The Court notes that as of the September 11, 2014, hearing, the trial was set to commence in eighteen days on September 29, 2014.

11

objections to jury instructions were due on or before September 12, 2014. (Doc. 71) at 1; (Doc. 73) at 3, 6; (Doc. 74) at 16, 18. Plaintiff, however, filed his exhibit list on September 10, 2014, one day late, and filed his objections to jury instructions, which included multiple errors, four days late on September 16, 2014. (Doc. 95); (Doc. 107). Plaintiff also failed to request leave of this Court to file his untimely exhibit list and objections to jury instructions. Due to the issues revolving around duplicative, late, and withdrawn document filings, the Court issued amended pretrial deadlines and ordered counsel to adhere to the new deadlines. (Doc. 114); (Doc. 111).

      Notwithstanding the Court's repeated warnings, Plaintiff also failed to timely respond to Defendants' Motion in *Limine* II (Doc. 80), and Defendants' Motion for Attorneys' Fees (Doc. 108). Responses for Motions in *Limine* were due on or before September 19, 2014. (Doc. 114). Per this Court's September 11, 2014, Order, Plaintiff's response to Defendants' Motion for Attorneys' Fees was also due on or before September 19, 2014. (Doc. 98) at 2. Nonetheless, Plaintiff waited until October 17, 2014, to file his Second Motion for Leave: Response to Motion in *Limine* II (Doc. 136), and Plaintiff's Third Motion for Leave: Response to Attorneys' Fees (Doc. 137). In Plaintiff's Third Motion for Leave: Response to Attorneys' Fees, Ms. Cruz claimed that she did not timely file a response to the Motion for Attorneys' Fees because, "[she] was unaware that she would have an opportunity to object to the [attorney] affidavits." (Doc. 137) at 1 ¶ 4. Ms. Cruz's statement is mystifying in light of this Court's September 11, 2014, Order, which granted Ms. Cruz the opportunity to respond to Defendants' Motion for Attorneys' Fees on or before September 19, 2014. (Doc. 98) at 2 ¶ 4.

      Although this is Ms. Cruz's first time appearing before this Court, Ms. Cruz's nineteen-years of experience as a litigator in the State of New Mexico belies any suggestion that she is without knowledge of the applicable rules of procedure, adhering to court deadlines, and the

rules of professional responsibility. Therefore, the Court finds that Ms. Cruz's repetitive behavior of untimely filing documents and responses is an act of willful disobedience of this Court's multiple Orders. Accordingly, Defendants are entitled to attorneys' fees on that basis.

Second, the Court finds that sanctioning Ms. Cruz is not in violation of Ms. Cruz's due process rights. As noted earlier, this Court has given Ms. Cruz substantial notice and multiple opportunities to be heard on the record regarding a sanction for attorneys' fees. For instance, at the September 11, 2014, hearing, Ms. Cruz rebutted Defendants' argument that attorneys' fees were warranted. The Court also gave Ms. Cruz until September 19, 2014, to respond to Defendants' Motion for Attorneys' Fees. (Doc. 98). Ms. Cruz, nonetheless, failed to timely respond to Defendants' Motion for Attorneys' Fees. Then, on October 17, 2014, the Court permitted Ms. Cruz to argue Plaintiff's Third Motion for Leave: Response to Attorneys' Fees and why attorneys' fees in this matter were unreasonable and excessive. Ms. Cruz stated her reasons on the record and the Court granted Ms. Cruz leave to file a response to Defendants' Motions for Attorneys' Fees. Subsequently, Ms. Cruz filed Plaintiff's response, as discussed above. Furthermore, this Court granted Ms. Cruz an opportunity to file supplemental briefing on the Court's inherent authority to issue sanctions for attorneys' fees by December 1, 2014. (Doc. 147) at 3. Ms. Cruz, however, failed to submit supplemental briefing by the deadline. Accordingly, this Court has not deprived Ms. Cruz of her due process rights and the sanction for Defendants' attorneys' fees is appropriate in this matter.

    C. *Defendants' Attorneys' Fees Are Reasonable*

Once a determination is made that a party is entitled to recover its attorneys' fees, the Court must determine the reasonableness of the sums requested in the fee motion. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The most useful starting point for determining the

amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The multiplication of the reasonable number of hours expended by the reasonable hourly rate is referred to as the "lodestar" method. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "'[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (quoting *Hensley*, 471 U.S. at 437). Counsel must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Hensley*, 471 U.S. at 434. The Court must also exclude any hours that were not reasonably expended. *Id.* (citation and quotation omitted).

In their Affidavits in Support of Attorneys' Fees, Defendants' attorneys set forth their hourly rates and provide detailed descriptions of work completed on this matter. The attorneys attest that the rates they seek in this matter are the rates they typically charge and receive in other representation. The attorneys also state that they did not charge for duplicative work or work performed by their paralegals. Furthermore, both attorneys stated that the number of hours researching, drafting, and finalizing their motion was necessary as neither attorney—despite their combined years of practice—encountered the issue of a plaintiff failing to timely respond to a defendant's RFAs. Moreover, in their reply, Defendants' attorneys thoroughly explained Ms. Walker's two hours of billing for preparation and attendance at the September 11, 2014, hearing.

Having reviewed Defendants' Motion for Attorneys' Fees, the Affidavits in Support of Attorneys' Fees, and the parties' subsequent briefing, this Court concludes that the number of hours expended by Defendants' counsel was reasonable in light of the novel and complex issue in this matter. The Court further notes that the attorneys provided meticulous detail in their

billing, motion, and reply.  In addition, each attorney has foregone seeking reimbursement for time legitimately spent on this particular matter.  Accordingly, the Court awards Defendants $1,892.00 in attorneys' fees.  The $1,892.00 will be paid by Ms. Cruz, Plaintiff's counsel, and Ms. Cruz may not charge her client for this expense.

**IT IS ORDERED** that Defendants Metzgar's and Richard's [sic] Motion for Attorney's [sic] Fees (Doc. 108) is **GRANTED**.  Defendants are awarded a total of $1,892.00 for attorneys' fees, which shall be paid by Ms. Cruz **within thirty (30) days of entry of this order**.

_____
UNITED STATES DISTRICT JUDGE